Collins Kwakwah AGYARE, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 09–1886.

United States Court of Appeals,
Fourth Circuit.

Submitted: May 7, 2010.

Decided: June 1, 2010.

Ronald D. Richey, Law Office of Ronald
D. Richey, Rockville, Maryland, for Peti-
tioner. Tony West, Assistant Attorney
General, Douglas E. Ginsburg, Assistant
Director, Judith R. O'Sullivan, Office of
Immigration Litigation, United States De-
partment of Justice, Washington, D.C., for
Respondent.

Before WILKINSON, NIEMEYER,
and AGEE, Circuit Judges.

Petition dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Collins Kwakwah Agyare, a native and
citizen of Ghana, petitions for review of an
order of the Board of Immigration Appeals
("Board") dismissing his appeal from the
immigration judge's order denying his ap-
plication for cancellation of removal under
8 U.S.C. § 1229b(b) (2006). We dismiss
the petition for review.

An alien is eligible for cancellation of
removal as a battered spouse if the alien:
(1) has been battered or subjected to ex-
treme cruelty in the United States by a
spouse or parent who is a United States
citizen or lawful permanent resident; (2)
has been continuously physically present
in the United States for at least three
years; (3) has been a person of good moral
character during such period; (4) is not
inadmissible due to the commission of
specified crimes; and (5) establishes that
removal would result in extreme hardship
to the alien, his child, or to his parent. 8
U.S.C. § 1229b(b)(2) (2006); Stepanovic v.
Filip, 554 F.3d 673, 677 n. 4 (7th Cir.2009).

In an appeal of an administrative deci-
sion to grant or deny cancellation of re-
moval under 8 U.S.C. § 1229b(b), this
court has jurisdiction only over constitu-
tional claims and questions of law. 8
U.S.C. § 1252(a)(2)(B)(i), (D) (2006); see
Jean v. Gonzales, 435 F.3d 475, 479–80
(4th Cir.2006) (holding that, under
§ 1252(a)(2)(B)(i), (D), court has no juris-
diction over any aspects of denial of relief
under § 1229b except constitutional claims
or questions of law); Obioha v. Gonzales,
431 F.3d 400, 405 (4th Cir.2005) ("It is
quite clear that the gatekeeper provision
bars our jurisdiction to review a decision of
the B[oard] to actually deny a petition for
cancellation of removal or the other enu-
merated forms of discretionary relief.").
Whether an alien has proved "exceptional
and extreme hardship" under § 1229b is
not a constitutional claim or question of
law. Barco–Sandoval v. Gonzales, 516
F.3d 35, 37–40 (2d Cir.2008); Martinez v.
U.S. Att'y Gen., 446 F.3d 1219, 1221–22
(11th Cir.2006); Martinez–Maldonado v.
Gonzales, 437 F.3d 679, 682 (7th Cir.2006);
Martinez–Rosas v. Gonzales, 424 F.3d 926,
929–30 (9th Cir.2005). In fact, it is the
precise discretionary decision that Con-
gress has shielded from review. Zacari-
as–Velasquez v. Mukasey, 509 F.3d 429,
434 (8th Cir.2007); Meraz–Reyes v. Gon-
zales, 436 F.3d 842, 843 (8th Cir.2006).

Therefore, we dismiss the petition for
review from the Board's order finding Ag-

yare failed to show his removal would cause an extreme hardship to himself or family. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DISMISSED.*